Affirmed and Opinion filed June 27, 2002









Affirmed and Opinion
filed June 27, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-97-01027-CR

____________

 

DONNA
JEAN GOODMAN,
Appellant

 

V.

 

THE
STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 



On Appeal from the 361st District Court

Brazos County, Texas

Trial Court Cause
No. 24,598-361




 
 
 
 
 
 
 


 






 
 
 
 
 
 
 
 
 
 
 
 
 
  
 





 
 
 
 
 
 
 
 
 
 
 
 
 
  
 




 

O P I N I O N   O N  
R E M A N D

Appellant
was charged in a two-count indictment with the offense of injury to a child,
the first count alleging serious bodily injury, the second alleging bodily
injury.  The jury acquitted appellant of
the first count, but convicted her of the second, and assessed punishment at
six years’ confinement, probated, and a fine of $4,000.  On original submission, a panel of this Court
found the evidence factually insufficient to support the conviction and
reversed and remanded for a new trial.  Goodman v. State, 5 S.W.3d 891 (Tex. App.—Houston [14th
Dist.] 1999).  The Court of
Criminal Appeals reversed, finding the panel had applied an inappropriate
standard of review, and remanded for reconsideration.  Goodman v. State, 66
S.W.3d 283 (Tex. Crim. App. 2001).  As two members of the panel have since
retired from active service with the Court and the third was a visiting judge,
the case was reassigned randomly to this panel.

In her sole point
on appeal, appellant challenges the factual sufficiency of the evidence to
support her conviction.  In reviewing
factual sufficiency, we examine all of the evidence neutrally, and ask whether
proof of guilt is so obviously weak or greatly outweighed by contrary proof as
to indicate that a manifest injustice has occurred.  Goodman, 66 S.W.3d
at 285.  

The complainant,
her older sister, and her younger brother were removed from the home of their
birth parents because of physical and sexual abuse.  Originally, they were placed in foster care
with Barbara Rawlins, and subsequently placed with appellant and her husband
for a six-month trial period, after which they could seek adoption.  About four months after arriving at the Goodmans’ home, the older sister was removed for sexually
abusing her younger sister, the complainant in this case.  On February 7, 1996, appellant brought the
complainant to the emergency room of St. Joseph’s Hospital.  The child was unconscious and had stopped
breathing, reportedly because she had fallen off a tricycle and hit her
head.  After breathing and heart rate
were restored, the emergency room nurse, Beverly Allen, conducted a head-to-toe
inspection of the child.  She noticed
bruises on the child=s face, ears, chest, and back.  She also noticed red marks on the back of her
head and multiple marks around her neck. 
Nurse Allen testified the marks on the complainant’s face and ears
appeared to have been made by a person’s hand, and deepened after the
complainant was brought into the hospital, indicating they were recent.  She and the emergency room physician, Dr.
Michael Marquardt, testified the bruises on the child’s back appeared to be of
different ages, because there were new bruises on top of old bruises.

Nurse Allen then obtained a medical history from
appellant, who reported that, in addition to the fall from her tricycle, the
child had (1) fallen in the bathtub and hit her forehead the night before,
after which she experienced nausea and vomiting, (2) fallen from her bed earlier
in the week, and (3) fallen out of a Blazer vehicle appellant owned.  Ms. Allen testified that no accident
described by appellant explained the marks found on the complainant’s face and
ears.

Three medical
expertsCNurse Allen, Dr. Marquardt, and the child’s
pediatrician, Dr. Alene MeyerCtestified that the pattern of bruising was
inconsistent with appellant=s explanations. 
They testified the child suffered soft tissue bruises, and had few of
the knee and elbow bruises that are more consistent with accidental injuries
with toddlers.  Further, she suffered a subdural hematoma in the front
portion of her skull, which they testified could not have been caused by a blow
to the back of the head as described by appellant.  Further, Dr. Marquardt testified that the subdural hematoma was too recent
to have been caused by the fall in the bathtub the previous night.  

Appellant said the
bruises on the child=s back were caused by the fall from the Blazer.  Dr. Marquardt and Dr. Meyer both testified
that appellant=s explanation was implausible for several
reasons.  First, such a fall would have
caused not only bruising, but abrasions to her back because she was wearing
only a thin jacket when she fell. 
Further, the bruises on her back were of different stages, indicating
both old and new bruises that could not have happened from a single accident.

Dr. Meyer examined
the child the day after she was brought to the emergency room, and administered
a test to determine if the child bruised more easily than other children.  While the result was two-tenths of a point
above normal limits, Dr. Meyer testified this did not indicate she had a
bleeding disorder that would account for the bruising.  Dr. Myer also testified the child reported
that a “lady” had hurt her, and that the child was withdrawn until her previous
foster mother (Ms. Rawlins) came to visit.

Finally, Ms.
Rawlins testified that the children lived with her both before and after living
with appellant, and the child did not bruise more easily than other children.

Appellant and Dr.
Gary Newsom testified for the defense. 
Dr. Newsom reviewed the complainant=s
medical records, but did not personally examine or treat her.  He testified the slightly elevated blood test
indicated she might have a bleeding disorder, and faulted doctors for not
conducting more tests to determine if she bruised easily.  Dr. Newsom also testified that her injuries
were consistent with appellant=s explanations. 
When asked about the bruises to the child’s face, chin, ears, and
shoulders, he testified that appellant’s attempts to resuscitate the child
could have caused them.

Appellant
testified that had taken parenting classes in preparation for adopting the
complainant and her siblings.  She denied
any physical violence against the children. 
She blamed the child’s injuries on a fall from her bed on February 3rd,
the fall from the Blazer on the 4th, the fall in the bathtub on the 6th, and
the final fall from her tricycle on the 7th. 
Appellant could not explain the bruises on the child’s ears and collarbone,
stating she did not recall seeing any bruises in those locations.  Finally, she confirmed she was the only adult
present when the child fell from the tricycle, and testified that the child was
happy to see her when she visited the hospital. 


The disputed
elements in this case are (1) whether the injuries suffered by the complainant
were the result of abuse and (2) if so, whether the appellant inflicted those
injuries.  The State’s evidenceCcoming from witnesses who actually saw the child and
her injuriesCindicated they were not accidental, were
inconsistent with appellant’s explanations, and in some cases appeared to be
caused by a person’s hand.  The State’s
evidence also pointed to a “lady” as the cause of the child’s injuries, showed
only appellant was present when some injuries occurred, and reflected that the
child appeared to withdraw in her presence. 
The defense presented evidence the injuries were accidental, and that
someone examining the child could have been the “lady” referred to.  The jury, by its verdict, chose to credit the
testimony offered by the state rather than the defense.  

The jury was
entitled to judge the credibility of the witnesses and reconcile conflicts in
their testimony. See Margraves v. State, 34 S.W.3d
912, 919 (Tex. Crim. App. 2000).  Lacking direct evidence connecting appellant
to the crime charged, the evaluation of the credibility and demeanor of the
witnesses was crucial in deciding the case. 
Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App. 2000). 
Under these circumstances, we defer more readily to the jury’s verdict
in conducting our factual sufficiency review. 
Id.  (“The degree of
deference a reviewing court provides must be proportionate with the facts it
can accurately glean from the trial record.”) 
After reviewing the conflicting evidence regarding the medical findings
and appellant’s explanations, we conclude it is sufficient to support the jury’s
conclusion that she inflicted bodily injury on the child.  We therefore hold the verdict is not so
against the great weight and preponderance of the evidence as to be clearly
wrong and manifestly unjust.  Appellant’s
sole point of error is overruled.

The judgment of
the trial court is affirmed.

 

 

 

                        

/s/        Scott Brister

Chief Justice

 

 

 

Judgment rendered and Opinion filed June 27, 2002.

Panel consists of Chief Justice Brister
and Justices Fowler and Seymore.

Do Not Publish C Tex. R. App. P. 47.3(b).